Weygandt, C. J.
It is undisputed that, if the award of $10 per week is alimony and the result of an agreement—written or parol—between -the parties, the trial court is without jurisdiction to modify it, as held by *171 this court in the cases of Law v. Law, 64 Ohio St., 369, 60 N. E., 560, and Newman v. Newman, 161 Ohio St., 247, 118 N. E. (2d), 649.
In the Law case the syllabus reads as follows:
“A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in' accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification, upon a petition filed by the former husband after the term at which the original decree was made.”
The syllabus in the Newman case is:
“An alimony decree based on an agreement between the parties is not subject to modification by a court after term in the absence of mistake, misrepresentation or fraud and in the absence of a reservation of jurisdiction with reference thereto. (Law v. Law, 64 Ohio St., 369, approved and followed.) ”
In the instant case is the award an order for the support of the child or is it alimony for the wife?
A study of the record leaves no doubt about the nature of the award. In the first place the prayer of the plaintiff’s petition contains no request for support for the child but the plaintiff does ask for alimony. This certainly constituted ample notice to the defendant that the plaintiff’s request was for alimony for herself and not for support for the child. Secondly and of controlling importance, in the trial court’s journal entry the subject of alimony is mentioned twice and there is no hint of support for the child. Nor is there a reservation of jurisdiction as to the item of alimony. The court’s journal imports verity, and if it contains an inaccuracy, that court is the place to have the correction made.
Was the alimony award made as a result of an agreement between the parties?
Again the answer is found in the journal of the trial court. In the original decree appears the recital, “And *172 the court having heard said cause on plaintiff’s petition for alimony and it having been represented to the court that an agreement respecting the same has been made by the plaintiff and the defendant it is ordered that * * However, the defendant emphasizes the fact that the decree does not expressly approve the agreement between the parties. He insists that the mention of such an agreement is mere surplusage and hence of no consequence. This court finds itself unable to agree with that conclusion. Of course it would be better if the decree contained an express approval of the agreement. But it is not to be assumed that the trial court had no purpose in mentioning the agreement. At the very threshold of the paragraph relating to alimony and the division of property, the court makes reference to the agreement and then proceeds to itemize that part of the decree. Furthermore, in the opinion and in the journal entry relating to the defendant’s motion to modify the decree, the trial court leaves nothing to inference in its conclusive statement that “the decree of divorce approved an agreement for property settlement and .alimony made by and between the parties under which situation the court has no jurisdiction to modify the, same.” This is the language of the same judge who granted the original decree nine years previously.
Under these circumstances a reviewing court is not at liberty to disregard the unambiguous statements of the trial court that it awarded the plaintiff the requested alimony and that the award was based on an agreement between the parties.
The judgment of the Court of Appeals must be reversed and that of the Court - of Common Pleas affirmed.

Judgment reversed.

Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.